IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC HAWKINS SR., and<br>LYNDA P. HAWKINS,<br><br>        Plaintiffs,<br><br>      v.<br><br>FIRST HORIZON HOME LOANS, a<br>division of First Tennessee Bank<br>N.A., successor in interest by<br>merger to First Horizon Home<br>Loan Corporation, a Tennessee<br>corporation; FORT KNOX LENDING,<br>a California business entity<br>form unknown; CALIFORNIA HOME<br>AND MORTGAGE, a California<br>business entity form unknown;<br>JAMES JABAUT, an individual;<br>LOANGUY.COM, a California<br>corporation; SOUTH BAY REALTY,<br>INC., a California corporation;<br>and DOES 2-10,<br><br>        Defendants. | 2:11-cv-01325-GEB-EFB<br><br>ORDER GRANTING MOTION TO<br>REMAND AND DENYING REQUEST<br>FOR ATTORNEYS' FEES AND<br>COSTS* |

      Plaintiffs move for an order remanding this case to the Superior Court of California in the County of San Joaquin, which is the state court from which this case was removed, and an award of attorneys' fees and costs incurred as a result of the improper removal. (ECF No. 14.) Plaintiffs argue, *inter alia*, that removal was improper since the federal court lacks subject matter jurisdiction over their Complaint.

---

      * This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

1  Defendant First Horizon Home Loans opposes the motion. For the reasons
2  stated below, Plaintiffs' motion to remand will be granted and their
3  request for attorneys' fees and costs will be denied.
4  Defendant First Horizon Home Loans relies solely on
5  Plaintiffs' claim alleged under California's Unfair Competition Law
6  ("UCL"), proscribed in California Business and Professions Code section
7  17200 et seq., as the basis for its contention that federal question
8  removal jurisdiction exists under 28 U.S.C. § 1331. (Notice of Removal
9  ¶¶ 10-13; Opp'n 7:3-8:2.) Specifically, Defendant First Horizon Home
10 Loans argues this "state law claim[ is] predicated upon, and
11 necessitate[s] the resolution of substantial, disputed questions
12 involving numerous federal laws, including but not limited to TILA,
13 RESPA, and FACTA." (Opp'n 7:3-5.)
14 28 U.S.C. § 1331 prescribes: "The district courts shall have
15 original jurisdiction of all civil actions arising under the
16 Constitution, laws, or treaties of the United States." "Most
17 federal-question jurisdiction cases are those in which federal law
18 creates a cause of action. A case may also arise under federal law where
19 it appears that some substantial, disputed question of federal law is a
20 necessary element of one of the well-pleaded state claims." Wander v.
21 Kaus, 304 F.3d 856, 858 (9th Cir. 2002) (citations and internal
22 quotation marks omitted). "The . . . 'well-pleaded complaint rule' . . .
23 provides that federal jurisdiction exists only when a federal question
24 is presented on the face of the plaintiff's properly pleaded complaint."
25 California v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000)
26 (quoting Audette v. Int'l Longshoremen's & Warehousemen's Union, 195
27 F.3d 1107, 1111 (9th Cir. 1999)). "The [well-pleaded complaint] rule
28 makes the plaintiff the master of [his] claim[s]; he . . . may avoid

1  federal jurisdiction by exclusive reliance on state law." <u>Caterpillar,
2  Inc. v. Williams</u>, 482 U.S. 386, 392 (1987).
3           "'Arising under' federal jurisdiction only arises . . . when
4  the federal law does more than just shape a court's interpretation of
5  state law; the federal law must be *at issue*." <u>Int'l Union of Operating
6  Eng'rs v. County of Plumas</u>, 559 F.3d 1041, 1045 (9th Cir. 2009). "[A]
7  case arises under . . . [federal law when] a right . . . created by
8  [that law is] an element, and an essential one, of the plaintiff's cause
9  of action." <u>Id</u>. at 1044. However, "the mere presence of a federal issue
10 in a state cause of action does not automatically confer
11 federal-question jurisdiction." <u>Lippitt v. Raymond James Fin. Servs.,
12 Inc.</u>, 340 F.3d 1033, 1040 (9th Cir. 2003). Further, "[w]hen a claim can
13 be supported by alternative and independent theories-one of which is a
14 state law theory and one of which is a federal theory-federal question
15 jurisdiction does not attach[.]" <u>Rains v. Criterion Sys., Inc.</u>, 80 F.3d
16 339, 346 (9th Cir. 1996).
17           Plaintiffs allege in their UCL claim:
18           Defendants have engaged in "unlawful" business
             practices within the meaning of Section 17200 by
19           committing intentional common law
             misrepresentations, statutory fraud, breach of
20           written contract, breach of fiduciary duty,
             negligent lending, unjust enrichment, tortious
21           breach of good faith and fair dealing, predatory
             lending practices designed to financially abuse
22           Plaintiffs and profiting thereby, fraudulently
             inducing Plaintiffs to contract, and violations of
23           [California Civil Code] § 1916.71(c) . . . , and
             violations of TILA (15 USC §§ 1639, 1639(h),
24           1638(b), Regulations Z 226.17(b), and 226.19(a)),
             RESPA (12 U.S.C. § 2607), FACTA (section 212(b) of
25           the FACT Act of 2003) as shown below.
26 (Compl. ¶ 84.) Plaintiffs' alleged federal statutory violations in their
27 UCL claim are not "necessary element[s] of [their] claim" since
28 Plaintiffs also allege "alternative and independent theories-one of

which is a state-law theory" alleging violations of California law as a predicate act for their UCL claim. Rains, 80 F.3d at 346. In light of the alternative ways Plaintiffs have plead their UCL claim, "[t]here is no 'basic' or 'pivotal' federal question that impinges on [their] right to relief." Lippitt, 340 F.3d at 1046. Since Plaintiffs' UCL claim does not "arise under" federal law, this Court lacks subject matter jurisdiction and therefore, Plaintiffs' remand motion is GRANTED.

Plaintiffs also argue they are entitled to attorneys' fees and costs under 28 U.S.C. § 1447(c) since removal was improper. (Mot. to Remand 6:8-10.) "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). However, since Plaintiffs have failed to "document[] the . . . hours [their attorney] expended and [their attorneys'] hourly rates[,]" Plaintiffs have not substantiated their request for attorneys' fees and costs, and their request is DENIED. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

For the stated reasons, this case is remanded to the Superior Court of California in the County of San Joaquin.

Dated: August 2, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge